Case 6:25-cv-06640-EAW-CDH   Document 2-2   Filed 11/10/25   Page 1 of 22

STATE OF NEW YORK
SUPREME COURT : COUNTY OF MONROE
.........................................................

DAVID FORD, as Administrator of the Estate of
ANTHONY FORD, deceased,
510 Glenview Court
Webster, New York 14580

                                      Plaintiff,

-vs-

COUNTY OF MONROE
110 County Office Building
39 W. Main Street
Rochester, New York 14614

MONROE COUNTY SHERIFF'S DEPARTMENT
130 S. Plymouth Ave
Rochester, New York 14614

TODD K. BAXTER, MONROE COUNTY SHERIFF
130 S. Plymouth Ave
Rochester, New York 14614

PRIMECARE MEDICAL OF NEW YORK, INC.
3940 Locust Lane
Harrisburg, Pennsylvania 17109

                                  Defendants.
.........................................................

**SUMMONS**

Index. No.

TO THE ABOVE-NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED and required to serve upon the plaintiff's

attorneys at their address stated below, an answer to the attached complaint.

Case 6:25-cv-06640-EAW-CDH    Document 2-2    Filed 11/10/25    Page 2 of 22

If this summons was personally delivered to you in the State of New York, the answer must be served within (20) days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty (30) days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment will be entered against you, by default, for the relief demanded in the complaint, without further notice to you.

The plaintiff designates Monroe County as the place of trial; the basis of venue is the residence of the plaintiff, which is noted on the face of this summons.

This summons was filed on the date shown above with the Clerk of the Court in which this action is brought and assigned the above Index Number.

DATED:      October 30, 2025
            Buffalo, New York

_____
James W. Grable, Jr.
Joseph D. Morath, Jr.
Lensa Abdukadir
Connors LLP
*Attorneys for the Plaintiff*
424 Main Street
1000 Liberty Building
Buffalo, New York 14202
716-852-5533

Case 6:25-cv-06640-EAW-CDH    Document 2-2    Filed 11/10/25    Page 3 of 22

STATE OF NEW YORK
SUPREME COURT : COUNTY OF MONROE
........................................................

DAVID FORD, as Administrator of the Estate of
ANTHONY FORD, deceased,

                Plaintiff,              **COMPLAINT**
                                              Index. No.

-vs-

COUNTY OF MONROE, MONROE COUNTY
SHERIFF'S DEPARTMENT, TODD K. BAXTER,
MONROE COUNTY SHERIFF, and
PRIMECARE MEDICAL OF
NEW YORK, INC.,

                Defendants.
........................................................

Plaintiff DAVID FORD, Individually and as Administrator of the Estate of

ANTHONY FORD, deceased, by his attorneys CONNORS LLP, complaining of the

defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights and wrongful death action in which plaintiff

DAVID FORD, Individually and as the Administer of the Estate of ANTHONY

FORD, deceased, together with other distributees of plaintiff-decedent's Estate as

defined in EPTL §4.1.1, seek relief for defendants' violations of plaintiff-decedent's

rights, privileges, and immunities secured by 42 U.S.C. § 1983, the Fifth, Eighth,

and/or Fourteenth Amendments to the United States Constitution and the

Constitution and common and statutory laws of the State of New York.

2. This action arises out of the wrongful and preventable death of Anthony Ford, while he was an inmate in the care and custody of the Monroe County Sheriff's Department, its agents, employees, and/or contractors, at the Monroe County Jail.

3. At all relevant times herein, it was the duty and obligation of Monroe County, Monroe County Sheriff's Department, Monroe County Jail, and/or its agents, employees, and/or contractors, to supervise, administer health care, and medically tend to and treat the inmates in the Monroe County Jail.

4. At all times relevant herein, it was the duty and obligation of Monroe County, Monroe County Sheriff's Department, and Sheriff Todd K. Baxter to care for, protect, and ensure the health, safety, and welfare of inmates.

5. It is alleged that the defendants exhibited deliberate indifference to the health, safety, and welfare of its inmates resulting in the death of ANTHONY FORD on August 31, 2024, and in doing so, deprived him of his rights secured by the United States Constitution, federal law, and the Constitution and common and statutory laws of the State of New York.

6. On or about August 31, 2024, after being medically screened and cleared for admission at Monroe County Jail, ANTHONY FORD was discovered unresponsive in his cell as a result of a suspected drug overdose.

7. Defendants were reckless, careless, and negligent in their intake screening and assessment processes, including but not limited to, failing to adequately evaluate, monitor, and determine whether ANTHONY FORD was under

the influence of drugs or experiencing withdrawal symptoms upon entry to the facility. Defendants further failed to implement and enforce appropriate policies and procedures to identify and respond to individuals at risk of drug intoxication or overdose. Defendants negligently failed to provide timely and necessary medical intervention, treatment, or monitoring to address Mr. Ford's critical condition and failed to ensure his safety and well-being while he was in their custody. Defendants also failed to properly search for, remove, and/or confiscate contraband within the facility, thereby permitting dangerous substances, including drugs, to remain accessible and posing a known and substantial risk of harm. These acts and omissions, individually and collectively, created an environment of deliberate indifference to the health and safety of inmates and proximately caused the preventable and foreseeable death of Anthony Ford. This action is brought for pain and suffering, compensatory, punitive and pecuniary damages and costs, including legal fees.

## JURISDICTION AND VENUE

8. Venue is proper in this county as the transactions, occurrences, events, and/or omissions took place in Monroe County.

## JURY DEMAND

9. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

## PARTIES

Case 6:25-cv-06640-EAW-CDH Document 2-2 Filed 11/10/25 Page 6 of 22

10. Plaintiff-decedent, ANTHONY FORD, was at all relevant times a resident of Monroe County and the State of New York.

11. Plaintiff, DAVID FORD, is the biological father of ANTHONY FORD.

12. Plaintiff, DAVID FORD, the Administrator of the Estate of ANTHONY FORD, is and was at all relevant times a domiciliary of Monroe County.

13. The Decree granting Limited Letters of Administration appointing plaintiff DAVID FORD as the Administrator of the Estate of ANTHONY FORD was issued by Surrogate's Court, Monroe County on May 15, 2025.

14. Plaintiff-decedent, ANTHONY FORD, died on August 31, 2024.

15. Plaintiff-decedent, ANTHONY FORD, died intestate and was survived by his distributees as defined by EPTL § 4.1.1.

16. Plaintiff-decedent, ANTHONY FORD, was, at the time of his death, a person incarcerated in the custody of the Monroe County Sheriff's Department at Monroe County Jail.

17. Defendant, MONROE COUNTY, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

18. Defendant, MONROE COUNTY SHERIFF'S DEPARTMENT, is a department or division of Monroe County organized and existing by virtue of the laws of the State of New York, with a main office located at 130 S. Plymouth Avenue, Rochester, NY 14614.

19.    Defendant, TODD K. BAXTER, is and was the Monroe County Sheriff at all times relevant to this complaint, with a principal place of business located at 130 S. Plymouth Avenue, Rochester, NY 14614.

20.    Collectively, County of Monroe; Monroe County Sheriff's Department; and Todd K. Baxter, Monroe County Sheriff are referred *infra* as the "Monroe County Defendants."

21.    PRIMECARE MEDICAL OF NEW YORK, INC., by a January 2022 contract with Monroe County Sheriff's Department, provides, and provided during the relevant time period herein, health and medical services for the inmates under the custody of Monroe County Sheriff's Department at Monroe County Jail.

22.    Defendant, PRIMECARE MEDICAL OF NEW YORK, INC., was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 3940 Locust Lane, Harrisburg, PA 17109.

23.    Monroe County Jail is a facility located at 130 S. Plymouth Ave, Rochester, NY 14614, which is operated, owned, and managed by the Monroe County Defendants.

24.    Upon information and belief, at all times relevant to this complaint, the Monroe County Defendants were responsible for ensuring the provision of adequate medical care, supervision, and treatment to all inmates in their custody.

Case 6:25-cv-06640-EAW-CDH    Document 2-2    Filed 11/10/25    Page 8 of 22

25.     Upon information and belief, at all times relevant to this complaint, the Monroe County Defendants were responsible for ensuring the provision of medical screening during intake processes at Monroe County Jail.

26.     Upon information and belief, at all times relevant to this complaint, the Monroe County Defendants were responsible for the care, custody, and control of all individuals detained within Monroe County Jail, including ANTHONY FORD. Defendants owed both constitutional and statutory duties, as well as a duty under New York law, to ensure the provision of adequate medical care, supervision, monitoring, and treatment to all inmates in their custody.

27.     Upon information and belief, at all times relevant to this complaint, the Monroe County Defendants were responsible for implementing and maintaining intake procedures and medical screening processes sufficient to identify individuals presenting with serious medical needs, including signs of drug use, withdrawal, or overdose, and to ensure such individuals received timely and appropriate medical intervention while in custody.

28.     Upon information and belief, at all times relevant to this complaint, the Monroe County Defendants were responsible for establishing and enforcing intake screening protocols designed to detect, identify, and confiscate contraband, including but not limited to illicit drugs, to prevent such items from entering and circulating within the jail.

29.     Upon information and belief, at all times relevant to this complaint, the Monroe County Defendants were further responsible for ensuring ongoing

screening, monitoring, and supervision of inmates, staff, and the facility to prevent the possession, distribution, or use of contraband items, including illicit drugs, thereby safeguarding the health and safety of detainees.

30.    Upon information and belief, at all times relevant to this complaint, the Monroe County Defendants were responsible for the training, supervision, and oversight of their employees, agents, and contractors to ensure compliance with all applicable laws, regulations, and internal policies regarding inmate medical care, contraband detection, and overall custodial safety.

31.    Upon information and belief, at all times relevant to this complaint, PRIMECARE MEDICAL OF NEW YORK, INC. ("PrimeCare") was contracted by MONROE COUNTY and/or the MONROE COUNTY SHERIFF'S DEPARTMENT to provide medical services and other services to inmates housed at Monroe County Jail.  PrimeCare assumed joint responsibility with the co-defendant Monroe County Defendants for providing screening and healthcare that was intended to protect inmates from harm while in the custody of the defendants.  PrimeCare also assumed responsibility for delivering comprehensive medical care including, but not limited to, the physical and mental health evaluation of each inmate upon entry and booking, ongoing medical monitoring, emergency medical care, and substance abuse assessment and treatment, as well as responding to urgent medical needs and ensuring continuity of care for inmates experiencing withdrawal or overdose symptoms.

Case 6:25-cv-06640-EAW-CDH    Document 2-2    Filed 11/10/25    Page 10 of 22

32.    Upon information and belief, at all times relevant to this complaint, PrimeCare was further responsible for the hiring, training, supervision, and oversight of its medical staff, employees, agents, and contractors working within Monroe County Jail.  This duty included ensuring that all personnel were properly trained and competent to identify and respond to serious medical needs, provide appropriate intervention, and coordinate with correctional staff to safeguard the health and safety of inmates in the County's custody.

33.    Upon information and belief, at all times relevant to this complaint, PrimeCare and the Monroe County Defendants failed to implement and enforce adequate policies, practices, and procedures to ensure timely and appropriate evaluation, monitoring, and treatment of inmates with serious medical needs, including those exhibiting signs of drug use, withdrawal, or overdose.  PrimeCare and the Monroe County Defendants further failed to adequately train and supervise its medical personnel to identify, report, and address critical medical conditions and to coordinate with correctional staff to prevent avoidable harm.  These systemic failures reflect a policy, practice, or custom of deliberate indifference to the serious medical needs of inmates at Monroe County Jail and directly and foreseeably resulted in the deterioration of ANTHONY FORD'S medical condition and his preventable death.

## NOTICE OF CLAIM

34.     Plaintiff served a Notice of Claim on the County on March 4, 2025. Service was acknowledged by Maria E. Rodi, Esq., First Deputy County Attorney at the Monroe County Law Department.

35.     More than 30 days have elapsed since the aforesaid Notice of Claim was served on the County, and the County has failed or refused to pay or adjust the claims.

## FACTS

36.     On August 30, 2024, Anthony Ford entered custody of the MONROE COUNTY SHERIFF'S DEPARTMENT at the Monroe County Jail to serve weekends in custody pursuant to a court order.

37.     Upon information and belief, Anthony Ford had a known medical history of substance abuse.

38.     Upon information and belief, Anthony Ford was in the custody and under the control and supervision of the Monroe County Defendants from the moment he reported to the Monroe County Jail until the time of his death.

39.     Upon information and belief, Anthony Ford was searched, medically screened, processed, and admitted by the Monroe County Defendants and their agents, employees, and/or contractors, including defendant PrimeCare.

40.     Upon information and belief, Anthony Ford was placed in a cell and left largely, if not entirely, unattended and unsupervised from the evening of Friday August 30, 2024, to the early morning of Saturday, August 31, 2024.

Case 6:25-cv-06640-EAW-CDH    Document 2-2    Filed 11/10/25    Page 12 of 22

41.    Upon information and belief, Anthony Ford was found unresponsive in his cell by Monroe County Sheriff's deputies at approximately 7:56 a.m. on August 31, 2024.

42.    Upon discovery, the deputies initiated life-saving measures, including the administration of multiple doses of Narcan.

43.    These efforts were unsuccessful. Anthony Ford died on the morning of August 31, 2024.

NEW YORK STATE CLAIMS

FIRST CLAIM FOR RELIEF - VIOLATION OF THE NEW YORK STATE CONSTITUTION

44.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

45.    Defendants, acting individually and collectively, and under color of state law, breached the rights and protections guaranteed to ANTHONY FORD by the New York State Constitution, including, but not limited to, Article I §§ 1, 5, 6, and 11. These constitutional violations included, without limitation:

    a.    The right to be free from cruel and unusual punishment, as secured by Article I § 5;

    b.    The right to due process of law, as secured by Article I § 6;

    c.    The right to equal protection of the laws, as secured by Article I § 11; and

    d.    The right to life, liberty, and security of person, as secured by Article I § 1.

46.     Defendants' acts and omissions—including the failure to provide adequate medical care, failure to protect against known and foreseeable harms, and failure to prevent the introduction and use of illicit drugs within the facility—constitute deliberate indifference and a reckless disregard for ANTHONY FORD'S constitutional rights.

47.     As a direct and proximate result of these violations, ANTHONY FORD experienced conscious pain and suffering, emotional distress, and other pre-death injuries, ultimately resulting in his wrongful death.

48.     Plaintiff seeks all available remedies under New York law, including but not limited to compensatory damages for pain and suffering, emotional distress, and wrongful death; punitive damages where appropriate; and any additional relief this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF - NEGLIGENCE/ GROSS NEGLIGENCE/ RECKLESSNESS

49.     Plaintiff repeats, reiterates, and reallages each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

50.     Defendants MONROE COUNTY, MONROE COUNTY SHERIFF'S DEPARTMENT, TODD K. BAXTER, and PRIMCARE MEDICAL OF NEW YORK, INC., through their employees, servants, agents, and/or representatives were negligent, grossly negligent, reckless, and/or careless in their failure to provide adequate, proper, and timely medical assessment, life-saving intervention,

Case 6:25-cv-06640-EAW-CDH Document 2-2 Filed 11/10/25 Page 14 of 22

monitoring, and treatment to plaintiff-decedent ANTHONY FORD while he was in their custody and under their care.

51. Defendants owed ANTHONY FORD a duty of care arising from his status as an individual in their custody and control, including a duty to provide reasonable medical care, supervision, and protection against known and foreseeable risks to his health and safety.

52. Defendants breached this duty of care by, *inter alia*, failing to:

a. Conduct proper medical and substance use screening during intake;

b. Monitor and supervise plaintiff-decedent's condition despite known risks of drug intoxication and withdrawal;

c. Remove or prevent access to contraband, including illicit drugs, within the facility; and

d. Provide timely and appropriate medical intervention when plaintiff-decedent exhibited signs of medical distress.

53. As a direct and proximate result of these breaches, ANTHONY FORD suffered conscious pain and suffering, emotional distress, and ultimately wrongful death.

54. The foregoing acts and omissions, individually and collectively, were carried out negligently, grossly negligently, and with reckless disregard for ANTHONY FORD'S health and safety by defendants MONROE COUNTY, MONROE COUNTY SHERIFF'S DEPARTMENT, TODD K. BAXTER, and PRIMECAE MEDICAL OF NEW YORK, INC., by and through their servants, agents, employees, and/or licensees.

Case 6:25-cv-06640-EAW-CDH    Document 2-2    Filed 11/10/25    Page 15 of 22

55. Defendants, jointly and severally, violated their statutory and common law duties under the laws and Constitution of the State of New York. Their acts and omissions were a direct and proximate cause of ANTHONY FORD'S injuries, including loss of life, liberty, serious bodily injury, mental anguish, emotional distress, deprivation of rights, and conscious pain and suffering.

## THIRD CLAIM FOR RELIEF - NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

57. Defendants MONROE COUNTY, MONROE COUNTY SHERIFF'S DEPARTMENT, TODD K. BAXTER, and PRIMECARE MEDICAL OF NEW YORK, INC., acting by and through their agents, servants, employees, and/or licensees, negligently hired, screened, retained, supervised, and trained personnel responsible for the care, custody and medical treatment of inmates, including ANTHONY FORD. Defendants failed to ensure that such personnel were properly qualified, adequately trained, and sufficiently supervised to perform their duties in a manner that would protect the health and safety of the inmates in their care.

58. As a direct and proximate cause of defendants' negligence in hiring, training, supervision, and retention, ANTHONY FORD sustained loss of life, liberty, serious bodily injury, mental anguish, emotional distress, shock, apprehension, deprivation of constitutional rights, and conscious pain and suffering.

## FOURTH CLAIM FOR RELIEF– DENIAL OR DELAY FOF MEDICAL CARE AND/OR MEDICATION

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

60. While ANTHONY FORD was in the custody of the defendants they failed to provide, and/or unreasonably delayed providing, reasonable, timely, and appropriate medical attention, care, and medication despite his obvious and serious medical needs. Such denial and/or delay violated the protections afforded under New York State Civil Rights Law § 28.

61. As a direct and proximate result of defendants' failure to provide necessary medical care and/or medication, ANTHONY FORD suffered severe emotional distress, conscious pain and suffering, and ultimately death.

## FIFTH CLAIM FOR RELIEF - CONSCIOUS PAIN AND SUFFERING

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

63. The acts and omissions of defendants, as described herein, did not immediately cause the death of ANTHONY FORD. As a result, ANTHONY FORD experienced significant physical pain, severe emotional distress, fear of impending death, and conscious pain and suffering in the period leading up to his untimely demise.

## SIXTH CLAIM FOR RELIEF - WRONGFUL DEATH

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

65. ANTHONY FORD died on August 31, 2024, as a direct result of defendants' wrongful, negligent, grossly negligent, and/or reckless acts and omissions, and those of their employees, agents, and contractors acting within the scope of their employment.

66. Defendants' conduct breached their duties to plaintiff-decedent and proximately caused his wrongful death.

67. Plaintiff DAVID FORD, as Administrator of the Estate of ANTHONY FORD, deceased, seeks all damages recoverable under New York Estates, Powers, and Trusts Law §§ 5-4.1 et seq., including but not limited to damages for economic loss, loss of support and services, loss of nurture and guidance, medical and funeral expenses, and all other pecuniary losses resulting from ANTHONY FORD'S untimely death.

68. ANTHONY FORD was survived by his distributees pursuant to EPTL §4.1.1, who suffered pecuniary and other injuries as defined by EPTL §5-4.3.

69. Plaintiff further seeks damages for the pain and suffering endured by ANTHONY FORD prior to his death, as well as any other relief the Court deems just and proper.

FEDERAL CLAIMS

SEVENTH CLAIM FOR RELIEF- DEPRIVATION OF FEDERAL RIGHTS
UNDER 42 U.S.C. § 1983

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

Case 6:25-cv-06640-EAW-CDH    Document 2-2    Filed 11/10/25    Page 18 of 22

71. All of the aforementioned acts of the Monroe County Defendants, their agents, servants, and employees, were carried out under color of state law.

72. All of the aforementioned acts deprived ANTHONY FORD of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

73. The acts complained of were carried out by employees at the Monroe County Jail in their capacities as MONROE COUNTY employees and/or agents, with all the actual and/or apparent authority attendant hereto.

74. The acts complained of were carried out by the employees at the Monroe County Jail in their capacities as MONROE COUNTY'S employees/agents, pursuant to the customs, usages, practices, procedures, and the rules of MONROE COUNTY, MONROE COUNTY SHERIFF'S DEPARTMENT, and TODD K. BAXTER all under the supervision of ranking officers and/or supervisors of said departments.

75. Defendants, collectively and individually, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution.

76. As a direct and proximate result of the foregoing, ANTHONY FORD sustained, *inter alia*, loss of life, liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, conscious pain and suffering, and injuries to his person that led to his death.

## EIGHTH CLAIM FOR RELIEF- DELIBERATE INDIFFERENCE TO PLAINTIFF DECEDENT'S MEDICAL NEEDS UNDER 42 U.S.C. §1983

77.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

78.    The Monroe County Defendants, knew or should have known that ANTHONY FORD had a substance abuse disorder upon processing into the custody of Monroe County Jail.

79.    Notwithstanding this knowledge, the Monroe County Defendants refused and/or failed to provide adequate medical treatment in a timely fashion to ANTHONY FORD.

80.    In so doing, the Monroe County Defendants exhibited a deliberate indifference to the health, safety, welfare, and/or medical needs of ANTHONY FORD, in violation of his constitutional rights as secured by the Fifth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States.

81.    As direct and proximate result of the foregoing, ANTHONY FORD sustained, *inter alia*, loss of life, liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, conscious pain and suffering, and injuries to his person that led to his death.

## NINTH CLAIM FOR RELIEF- MUNICIPAL LIABILITY
## UNDER 42 U.S.C. § 1983

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

83.    The Monroe County Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

84.    The aforementioned customs, policies, usages, practices, procedures, and rules of the Monroe County Defendants include, but are not limited to, the following unconstitutional practices:

    i.    Failing to conduct proper and/or adequate searches of inmates during intake and subsequent custody for contraband, including, but not limited to, controlled substances and/or narcotics, and thus being deliberately indifferent to the safety, welfare, medical needs, and well-being of inmates in their custody and/or intentionally, recklessly and/or negligently permitting inmates to have access to controlled substances while in the custody of the County;

    ii.    Failing to conduct timely and adequate supervision of inmates, and other related regulations, thus being deliberately indifferent to the safety, welfare, medical needs, and well-being of inmates;

    iii.    Failing to monitor and track inmates' medical conditions, including mental health and/or substance use disorders; and

    iv.    Showing deliberate indifference to the training of Monroe County Jail employees as to how to recognize/identify inmates' suffering from acute drug intoxication and/or overdose and/or drug withdrawal to provide them with necessary medical treatment.

Case 6:25-cv-06640-EAW-CDH    Document 2-2    Filed 11/10/25    Page 21 of 22

85.     The foregoing customs, policies, usages, practices, and procedures constituted deliberate indifference to the safety, well-being, and constitutional rights of ANTHONY FORD.

86.     The foregoing customs, policies, usages, practices, and procedures were the direct and proximate cause of the constitutional violations suffered by ANTHONY FORD.

87.     The Monroe County Defendants were directly, collectively and individually, while acting under color of state law, involved in violating the plaintiff-decedent's constitutional rights.

88.     The acts complained of deprived ANTHONY FORD of his right;

i.     To be free from cruel and unusual punishment;

ii.    To receive timely and adequate medical care;

iii.   To be provided with appropriate safety while in custody;

iv.    To due process; and

v.     To receive equal protection under the law.

WHEREFORE, plaintiff, DAVID FORD, as Administrator of the Estate of ANTHONY FORD, deceased, respectfully requests judgment against defendants as follows:

1.     An order awarding compensatory damages in an amount to be determined at trial;

2.     An order awarding punitive damages in an amount to be determined at trial;

3.     An order of equitable relief;

4.     Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

5.     The convening and empaneling of a jury to consider the merits of the claims herein;

6.     Pre- and post- judgment costs, and interest; and

7.     Such and other further relief as the Court may deem just and proper in this action.

Dated:     October 30, 2025
    Buffalo, New York

James W. Grable, Jr.
Joseph D. Morath, Jr.
Lensa Abdukadir
Connors LLP
*Attorneys for Plaintiff*
424 Main Street
1000 Liberty Building
Buffalo, NY 14202
716- 852-5533